■ MARIA GOMEZ, Respondent-Appellant, v LONG ISLAND COLLEGE HOSPITAL, Appellant-Respondent.—In a medical malpractice action, (1) the defendant appeals from a judgment of the Supreme Court, Kings County (Scholnick, J.), dated July 18, 1986, which, upon a jury verdict in favor of the plaintiff in

the principal amount of $126,700, which was reduced by stipulation of the parties made pursuant to an order of the same court, dated June 9, 1986, is in favor of the plaintiff and against it in the principal amount of $55,000, and (2) the plaintiff cross-appeals from the order of the same court, dated June 9, 1986, which ordered a new trial on the issue of damages only, unless the plaintiff, within 20 days after service upon her of a copy of the order, served and filed a written stipulation consenting to decrease the amount of the verdict to the principal amount of $55,000.

Ordered that the cross appeal is dismissed, on the ground that the plaintiff is not aggrieved by the ·reduction of the verdict in her favor, which she stipulated to accept *(see, Loughry v Lincoln First Bank,* 66 NY2d 677, *affd as mod* 67 NY2d 369; *Dudley v Perkins,* 235 NY 448, 457); and it is further,

Ordered that the judgment is reversed, on the facts, with costs to the defendant, and a new trial is granted on the issue of· damages only, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to further decrease the amount of the verdict to the principal amount of $25,000, and to the entry of an amended judgment accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced, is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The plaintiff suffered a fracture to her left little finger when she was mugged on February 2, 1980. She was 35 years old at the time and is right-handed. The defendant determined that the plaintiff's condition could be treated by means of physical therapy. However, the plaintiff continued to have problems with her finger, and she subsequently visited a private physician who performed an operation to correct some of the problems with her finger. The plaintiff spent 3 to 4 days in the hospital.

The defendant argues that the plaintiff failed to make out a prima facie case of medical malpractice because the plaintiff's expert assumed that on February 27, 1980, the fracture of the plaintiff's left little finger had rotated. The defendant contends that there is no evidence in this record from which the jury could rationally infer that the rotation of the fracture actually existed at that time. This argument, however, is without

merit, since the defendant's hospital record reveals that on February 27, 1980, an unidentified doctor wrote "examine patient, patient has some lateral rotation of little finger". In addition, another note of the same date by the same person states: "xray showed angulation of fracture of proximal phalanx & rotation of 5th little finger".

The defendant's argument that the jury could not rationally infer that the rotation existed on the date in question because it is impossible to diagnose a rotation from an X ray is not dispositive since the hospital record reveals that the doctor found the rotation after he actually examined the finger as well as the X ray. In any event, although the defendant's expert testified that it was impossible to diagnose a rotation of the fracture from an X ray, the plaintiff's expert testified that it was only "often very difficult to diagnose".

The defendant further argues that the verdict, as reduced by the stipulation of the parties, in the principal amount of $55,000, is excessive. We note that the defendant is only responsible for its failure to diagnose the rotation of the finger and the damages flowing from that malpractice.

The plaintiff's finger has not regained its original range of motion, and consequently she has some difficulty in gripping objects. The finger causes her pain, and she suffers occasional numbness from a nerve condition associated with the injury. No claim for lost wages was presented to the jury. On this record, we conclude that this reduced award was excessive as to shock the conscience of this court to the extent indicated. Thompson, J. P., Weinstein, Eiber and Sullivan, JJ., concur.