■ PATRICK OLCHOVY et al., Respondents, v L.M.V. LEASING, Defendant, and FRUEHAUF CORPORATION, Defendant and Third-Party Plaintiff-Appellant-Respondent. B.F. GOODRICH COMPANY, Third-Party Defendant-Respondent-Appellant.—In an action to recover damages for personal injuries, etc., the defendant Fruehauf Corporation appeals, as limited by its brief, from so much of an interlocutory order and judgment (one paper) of the Supreme Court, Kings County (Vinik, J.), entered February 26, 1990, as, upon a jury verdict on the issue of liability, adjudged it to be 60% at fault in the happening of the accident and the third-party defendant B.F. Goodrich Company to be 40% at fault in the happening of the accident. B.F. Goodrich Company cross-appeals from so much of the same order and judgment as apportioned fault between it and Fruehauf Corporation and directed that Fruehauf Corporation have judgment over for contribution against it to the extent of 40% of the verdict on damages.

Ordered that the interlocutory order and judgment is affirmed, with one bill of costs payable to the plaintiffs.

The plaintiff Patrick Olchovy, a truck driver employed by

B.F. Goodrich Company (hereinafter Goodrich) sustained personal injuries while loading bus tires onto a truck leased by Goodrich. The accident occurred as he was standing on a loaded lift gate at the back of a truck, when the gate tilted up and caused several tires to fall on him. Shortly before the accident, the plaintiff had complained to his supervisor at Goodrich about the lift gate of the truck and its inability to "level" parallel to the ground. In response, his supervisor had authorized mechanics employed by the defendant Fruehauf Corporation to repair the lift gate. The incident occurred on the first occasion that the plaintiff had operated the lift following Fruehauf's repairs. Conflicting evidence was presented as to whether Fruehauf's employees told Goodrich that the lift gate could not be completely repaired and should be replaced. The jury returned a verdict finding Fruehauf 60%, and Goodrich 40%, at fault in the happening of the accident.

On appeal, Fruehauf claims that there was legally insufficient evidence that it failed to warn the plaintiff that the lift gate remained dangerous after it had been repaired. However, Fruehauf did not raise this claim when it moved for judgment as a matter of law at trial. Instead, it argued that there was insufficient proof that its negligent repair was the proximate cause of the accident. Accordingly, Fruehauf's present challenge to the sufficiency of the evidence is unpreserved for appellate review and we decline to consider it for the first time on appeal (see, Lichtman v Grossbard, 73 NY2d 792, 794; Velez v City of New York, 157 AD2d 370, 373).

Moreover, we find that the verdict was supported by a fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493; Nicastro v Park, 113 AD2d 129; see, e.g., Arrum v Yonkers Institutional Food Corp., 181 AD2d 707). The evidence demonstrates that Fruehauf's failure to adequately repair the lift gate was a proximate cause of the plaintiff's accident. In addition, a fair interpretation of the evidence supports the finding that Goodrich's failure to properly maintain the lift gate also contributed to the accident.

We have reviewed the defendants' remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Lawrence, Eiber and Pizzuto, JJ., concur.