■ TORIANNE THOMPSON, Respondent, v STEUBEN REALTY CORP. et al., Appellants. [820 NYS2d 285]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings

County (Partnow, J.), dated May 11, 2005, which, upon an order of the same court dated December 3, 2004, inter alia, granting the plaintiff's motion for leave to enter judgment upon the defendants' failure to appear or answer the complaint and upon an inquest on the issue of damages finding that the plaintiff sustained damages, among other things, in the sum of $3.5 million for future pain and suffering and loss of enjoyment of life, is in favor of the plaintiff and against them.

Ordered that the judgment is reversed, on the facts and in the exercise of discretion, with costs, the award for future pain and suffering and loss of enjoyment of life is reduced from the sum of $3.5 million to the sum of $2 million, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate amended judgment.

On a prior appeal, we affirmed an order, inter alia, granting the plaintiff's motion for leave to enter judgment upon the defendants' failure to appear or answer the complaint (*see Thompson v Steuben Realty Corp.*, 18 AD3d 864 [2005]). Thus, contrary to the defendants' contention, we have already determined that the proof requirements pursuant to CPLR 3215 (f) have been satisfied and, upon this appeal, only the amount of damages is at issue.

We find that, notwithstanding the severity of the psychological and emotional damage suffered by the plaintiff, the number of years she will likely continue to suffer in light of her youth, and the prognosis of only slow and limited recovery, the award of $3.5 million for future pain and suffering and loss of enjoyment of life, made after an inquest, was excessive. Accordingly, that part of the award is reduced to $2 million (*see Neuman v Greenblatt*, 260 AD2d 616 [1999]; *cf. Splawn v Lextaj Corp.*, 197 AD2d 479, 480 [1993]; *Pantages v L.G. Airport Hotel Assoc.*, 187 AD2d 273 [1992]; *Haddock v City of New York*, 140 AD2d 91, 93 [1988], *affd* 75 NY2d 478 [1990]; *Miller v State of New York*, 110 AD2d 627 [1985]). Schmidt, J.P., Santucci, Luciano and Rivera, JJ., concur.