SECOND DEPARTMENT, SEPTEMBER, 2014

(September 10, 2014)

■ MOHAMED H. ABDELZAHER, Respondent, v JOHN SALLUSTIO, Appellant. [992 NYS2d 311]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated May 17, 2013, which, upon, in effect, awarding the plaintiff judgment as a matter of law on the issue of liability, upon a jury verdict on the issue of damages awarding the plaintiff the principal sums of $50,000 for past pain and suffering, $125,000 for future pain and suffering, and $25,000 for punitive damages, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and excessive, is in favor of the plaintiff and against him.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the plaintiff the principal sum of $125,000 for future pain and suffering; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages for future pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless, within 30 days after service upon him of a copy of this decision and order, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the principal sum of $125,000 to the principal sum of $75,000, and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On April 6, 2007, the plaintiff, a livery driver, drove the defendant's daughter home, where she resided with the defendant and his wife. A dispute arose over the fare, and the defendant hit the plaintiff with a baseball bat, injuring his left knee and fracturing the little finger in his left hand.

At the commencement of the trial, the trial court noted that "the defendant entered a plea of guilty to misdemeanor assault which to my recollection is a class A misdemeanor, physical injury, an assault with a physical injury . . . therefore . . . liability has already been determined." Defense counsel did not object. Rather, he stated: "I admitted in jury selection that he pled guilty" and "we're now essentially doing damages."

At the jury trial on the issue of damages, evidence was admitted that the plaintiff was taken by ambulance to the emergency room of Coney Island Hospital, where he was treated and

released. Thereafter, he sought treatment from two doctors, and received therapy for two to three months. He claimed that he was afraid to go out at night, and did not work for eight months. He further testified that he was trained to work in the hotel industry, but could no longer work in that industry because he could not carry heavy luggage.

The plaintiff's doctor testified that the plaintiff sustained a fracture of the little finger of his left hand and also sustained a knee injury. The finger was immobilized in a cast for six weeks. Thereafter, the plaintiff sustained a permanent limitation of range of motion of the left hand and could not carry heavy objects in that hand. However, the doctor noted that the plaintiff suffered from a pre-existing disabling injury to his right hand, which could have limited his ability to carry heavy luggage.

The jury returned a verdict awarding the plaintiff the principal sums of $50,000 for past pain and suffering, $125,000 for future pain and suffering, and $25,000 for punitive damages. After the verdict was rendered, the defendant moved to set aside the verdict as contrary to the weight of the evidence and excessive, and the motion was denied.

The defendant contends that the determination at the commencement of the trial that the plaintiff was entitled to judgment as a matter of law on the issue of liability was procedurally improper, because that determination was not the result of a motion. However, this issue was not raised at the trial. Indeed, defense counsel did not challenge the determination and acknowledged the defendant's criminal conviction. In view of this uncontested fact, liability was established in accordance with the legal principle that " '[w]here a criminal conviction is based upon facts identical to those in issue in a related civil action, the plaintiff in the civil action can successfully invoke the doctrine of collateral estoppel to bar the convicted defendant from litigating the issue of . . . liability' " (*Morrow v Gallagher*, 113 AD3d 827, 828 [2014], quoting *McDonald v McDonald*, 193 AD2d 590 [1993]).

At trial, the defendant argued that the verdict on the issue of damages was contrary to the weight of the evidence and excessive. However, he did not claim that the evidence of damages was legally insufficient. Therefore, that issue is unpreserved for appellate review (*see Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P.*, 88 AD3d 838, 839 [2011]; *Olchovy v L.M.V. Leasing*, 182 AD2d 745, 746 [1992]).

The awards for past pain and suffering and punitive damages were not excessive (*see Frederic v City of New York*, 117 AD3d 899 [2014]; *Gomez v Long Is. Coll. Hosp.*, 131 AD2d 812 [1987]).

However, the award of $125,000 for future pain and suffering was excessive to the extent indicated herein (*see* CPLR 5501 [c]).

The defendant's remaining contentions are without merit. Dickerson, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.