■ REINA NUNEZ, Appellant, v GEORGE BARDWIL, Respondent, et al., Defendant. [43 NYS3d 490]—

In an action to recover damages for personal injuries, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Greco, Jr., J.), entered October 16, 2014, which, upon a decision of the same court dated April 3, 2013, made after an inquest, finding that the plaintiff is entitled to damages in the principal sum of $450,000, and upon an order of the same court dated August 5, 2014, inter alia, denying that branch of her motion, in effect, pursuant to CPLR 4404 to modify the decision, is in favor of the plaintiff and against the defendant George Bardwill in the principal sum of only $450,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order dated August 5, 2014, is vacated, and the matter is remitted to the Supreme Court, Queens County, before a different Justice, for a new inquest and determination on damages in accordance herewith.

On May 25, 2009, the plaintiff, who had been hired by the defendant George Bardwil (hereinafter the defendant) as a house cleaner, was severely beaten by the defendant. The defendant later pleaded guilty to assault in the third degree in satisfaction of criminal charges against him relating to the incident.

The plaintiff commenced the instant action to recover damages for personal injuries against, among others, the defendant. Upon the defendant's default, a default judgment was entered against him on the issue of liability. At issue on this appeal is the propriety of the inquest as to damages.

At the inquest, the Supreme Court stated that it would rely on the plaintiff's medical records, and asked the plaintiff's counsel and the defendant's counsel to provide oral summaries of pertinent portions of their experts' records. The plaintiff and her daughter testified, and portions of the defendant's deposition testimony were read into the record. At the conclusion of the inquest, the court returned the experts' records to the parties without reviewing them, stating that counsels' summaries placed on the record were sufficient to make a determination. In the decision after the inquest, the court awarded the plaintiff $150,000 for "past and future pain and suffering, lost earnings and special damages." The court awarded the plaintiff treble damages of $450,000 based upon a finding that the plaintiff was entitled to punitive damages (*see e.g. Moran v Orth*, 36 AD3d 771, 772 [2007]).

CPLR 4213 (b) requires that nonjury verdicts be itemized, and this rule applies to inquests (*see Cobb v Collins*, 123 AD3d 520 [2014]). Here, the Supreme Court's failure to itemize the elements of damages, and state the facts it deemed essential in determining the award of damages, renders appellate review of the damages award impossible (*id.*).

Moreover, in light of the Supreme Court's failure to hear the testimony of the parties' experts or even to review their records, a new inquest is warranted. A new inquest is also warranted because it is alleged that admissible evidence was improperly excluded (*see Rawlings v Gillert*, 104 AD3d 929, 930-931 [2013]).

Under the particular circumstances of this case, we deem it appropriate to remit the matter to the Supreme Court, Queens County, for a new inquest before a different Justice. Hall, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.