Ascentium Capital, LLC v Empire Med. Servs. of Long Is., P.C. (2020 NY Slip Op 02450)





Ascentium Capital, LLC v Empire Med. Servs. of Long Is., P.C.


2020 NY Slip Op 02450


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2016-10585
2017-03705
 (Index No. 606265/15)

[*1]Ascentium Capital, LLC, respondent,
v
Empire Medical Services of Long Island, P.C., et al., appellants.


Anthony Colantonio, Garden City, NY, appellant pro se and for appellant Empire Medical Services of Long Island, P.C.
Reisman Peirez Reisman & Capobianco LLP, Garden City, NY (Joseph Capobianco and Lisa Giunta of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover upon a personal guaranty, the defendants Anthony Colantonio and Empire Medical Services of Long Island, P.C., appeal from (1) a judgment of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered August 12, 2016, and (2) an order of the same court entered February 14, 2017. The judgment, upon an order of the same court entered July 7, 2016, granting the plaintiff's motion for summary judgment on the complaint, upon the failure of the defendant Empire Medical Services of Long Island, P.C., to oppose the motion, and denying the defendant Anthony Colantonio's cross motion pursuant to CPLR 3025 for leave to amend his answer, is in favor of the plaintiff and against the defendants in the principal sum of $172,622.13. The order entered February 14, 2017, denied the defendant Anthony Colantonio's motion for leave to renew and reargue his opposition to the plaintiff's motion for summary judgment on the complaint.
ORDERED that the appeal by the defendant Empire Medical Services of Long Island, P.C., from the judgment is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511); and it is further,
ORDERED that the appeal by the defendant Empire Medical Services of Long Island, P.C., from the order entered February 14, 2017, is dismissed, as that defendant is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the appeal by the defendant Anthony Colantonio from so much of the order entered February 14, 2017, as denied that branch of his motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the judgment is affirmed insofar as appealed from by the defendant Anthony Colantonio; and it is further,
ORDERED that the order entered February 14, 2017, is affirmed insofar as reviewed; [*2]and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action, inter alia, to recover damages for breach of an "Equipment Finance Agreement" (hereinafter the agreement) and upon a personal guaranty, alleging that the defendant Anthony Colantonio executed the agreement on behalf of the defendant Empire Medical Services of Long Island, P.C. (hereinafter Empire Medical), and also executed a personal guaranty of Empire Medical's obligations under the agreement. Thereafter, the plaintiff moved for summary judgment on the complaint. Empire Medical defaulted in opposing the motion. Colantonio opposed the motion, contending, among other things, that he did not sign the agreement and personal guaranty. He also cross-moved pursuant to CPLR 3025 for leave to amend his answer. The Supreme Court granted the plaintiff's motion for summary judgment on the complaint and denied Colantonio's cross motion. A judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $172,622.13. Colantonio then moved for leave to renew and reargue his opposition to the plaintiff's motion for summary judgment on the complaint. The court denied Colantonio's motion.
We agree with the Supreme Court's determination to grant the plaintiff's motion for summary judgment on the complaint. In support of the motion, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, evidence of the agreement, the personal guaranty, and the defendants' failure to make payments in accordance therewith (see 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 798; North Fork Bank Corp. v Graphic Forms Assoc., Inc., 36 AD3d 676, 676-677). In opposition, Colantonio's bare and conclusory assertions, among other things, that he did not sign the agreement and personal guaranty were insufficient to raise a triable issue fact (see North Fork Bank Corp. v Graphic Forms Assoc., Inc., 36 AD3d at 677). Moreover, the court did not improvidently exercise its discretion in denying Colantonio's cross motion for leave to amend his answer (see CPLR 3025[b]; HSBC Bank USA v Philistin, 99 AD3d 667).
The Supreme Court also did not improvidently exercise its discretion in denying that branch of Colantonio's motion which was for leave to renew his opposition to the plaintiff's motion for summary judgment on the complaint. "A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455). Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Deutsche Bank Natl. Trust Co. v Wilkins, 97 AD3d 527, 528; Bank of N.Y. Mellon v Izmirligil, 88 AD3d 930, 932). "A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Sobin v Tylutki, 59 AD3d 701, 702, quoting Renna v Gullo, 19 AD3d 472, 473 [internal quotation marks omitted]). Here, the purported new facts were available to Colantonio at the time he opposed the plaintiff's motion for summary judgment, and he failed to demonstrate a reasonable justification for failing to submit them (see CPLR 2221[e][3]). In any event, the purported new facts would not have changed the prior determination (see Brown Bark I, L.P., v Imperial Dev. & Constr. Corp., 65 AD3d 510, 512).
Colantonio's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court