Dunn v Law Offs. of Evans & Al-Shabazz, LLP (2020 NY Slip Op 07164)





Dunn v Law Offs. of Evans & Al-Shabazz, LLP


2020 NY Slip Op 07164


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-02980 
2018-05472
 (Index No. 511115/16)

[*1]Stephenson Dunn, respondent, 
v
Law Offices of Evans & Al-Shabazz, LLP, defendant, Robert Anthony Evans, Jr., appellant.


Bruce A. Young, New York, NY, for appellant.
Davis Ndanusa Ikhlas & Saleem, LLP, Brooklyn, NY (Daniel E. Sully and Mustapha Ndanusa of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant Robert Anthony Evans, Jr., appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 22, 2018 and (2) an order of the same court dated April 18, 2018. The order dated January 22, 2018, denied that defendant's motion, in effect, pursuant to CPLR 317 and 5015(a) to vacate a judgment dated October 18, 2017, entered upon his failure to appear or answer the complaint. The order dated April 18, 2018, insofar as appealed from, denied that branch of the defendant's motion which was for leave to renew his motion to vacate the judgment and, in effect, upon reargument, adhered to the prior determination in the order dated January 22, 2018.
ORDERED that the appeal from the order dated January 22, 2018, is dismissed, as that order was superseded by the order dated April 18, 2018, made upon reargument; and it is further,
ORDERED that the order dated April 18, 2018, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In June 2016, the plaintiff commenced this breach of contract action against the defendant Robert Anthony Evans, Jr. (hereinafter the defendant), and his law firm, alleging their failure to return funds held in escrow. According to the affidavits of service, the defendant was served with the summons and complaint pursuant to CPLR 308(2). The defendant failed to appear or answer the complaint. A judgment dated October 18, 2017, was entered in favor of the plaintiff and against the defendant.
In December 2017, the defendant moved, in effect, pursuant to CPLR 317 and 5015(a) to vacate the judgment and lift the restraint on his bank account, on the grounds, inter alia, that he did not receive notice of the matter prior to entry of the judgment and that service was defective. In an order dated January 22, 2018, the Supreme Court denied the defendant's motion. The defendant then moved, inter alia, pursuant to CPLR 2221 for leave to renew and reargue his prior motion, inter alia, to vacate the judgment. In an order dated April 18, 2018, the court denied [*2]that branch of the defendant's motion which was for leave to renew and, in effect, upon reargument, adhered to the prior determination in the order dated January 22, 2018. The defendant appeals.
"'Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service'" (Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 647, quoting U.S. Bank N.A. v Langner, 168 AD3d 1021, 1023). "'Although bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the affidavit of service and necessitates a hearing'" (Bank of N.Y. Mellon v Lawson, 176 AD3d 1155, 1157; quoting U.S. Bank, N.A. v Tauber, 140 AD3d 1154, 1155).
According to the process server's affidavits of service, the defendant was served pursuant to CPLR 308(2) at two separate locations: (1) at premises on 145th Street in Manhattan, by delivery of the summons and complaint upon "Jane Doe," a person of suitable age and discretion, and by the subsequent mailing of an additional copy of the summons and complaint to the same address, and (2) at the defendant's residence on West 136th Street in Manhattan, by delivery of the summons and complaint to "Shelia Watson, Secretary, a person of suitable age and discretion," and by the subsequent mailing of an additional copy of the summons and complaint to the same address.
With respect to the first affidavit of service, the defendant averred that he had vacated the premises on 145th Street and the office had ceased to be his actual place of business more than one year prior to the alleged service. "Where the defendant denies residing at the premises where service allegedly was made, the sworn denial, combined with documentary and other evidence supporting such claim, is sufficient to rebut the plaintiff's prima facie showing of proper service and to necessitate an evidentiary hearing" (U.S. Bank, N.A. v Tauber, 140 AD3d at 1155). Here, however, the defendant's conclusory affidavit was unsubstantiated by other evidence demonstrating that he had vacated the office, and he failed to rebut documentary evidence establishing that he continued to use the premises (see Bank of N.Y. Mellon v Lawson, 176 AD3d at 1157; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726; Chichester v Alal-Amin Grocery & Halal Meat, 100 AD3d 820, 821).
The defendant's affidavit was also insufficient to rebut the presumption of service raised by the process server's second affidavit of service upon the defendant, which recited that the summons and complaint were delivered to "Shelia Watson, Secretary," at the defendant's residence. In his affidavit, the defendant denied that he "ever employed a person by this name," but he did not aver that he did not employ a secretary who might have been present at his home, or someone of a similar appearance as the woman described in the process server's affidavit (see Electric Ins. Co. v Grajower, 256 AD2d 833, 835).
Further, the defendant did not establish a basis for vacatur of the judgment pursuant to CPLR 317 or 5015(a)(1). A party seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) "must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). "Pursuant to CPLR 317, a defaulting defendant who was served with a summons other than by personal delivery may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense" (Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1316 [internal quotation marks omitted]). Here, the defendant's conclusory and unsubstantiated denial of receipt of the summons and complaint was insufficient to establish that the defendant did not have actual notice of the action in time to defend. Similarly, the defendant's affidavit was insufficient to demonstrate a reasonable excuse for his default as required for vacatur pursuant to CPLR 5015(a)(1) (see Bookman v 816 Belmont Realty, LLC, 180 AD3d 986, 987).
In light of the foregoing, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 317 or 5015(a)(1) (see Progressive Cas. Ins. Co. v Excel Prods., Inc., 171 AD3d 812, 814). Accordingly, we agree with the Supreme Court's determination, upon reargument, to adhere to its original determination denying the defendant's motion, inter alia, to vacate the default judgment.
The Supreme Court also providently exercised its discretion in denying that branch of the defendant's motion which was for leave to renew his prior motion, inter alia, to vacate the default judgment. Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]; see Caronia v Peluso, 170 AD3d 649, 650). Here, the purported new evidence was available to the defendant at the time of his prior motion, and he did not demonstrate a reasonable justification for failing to submit it (see CPLR 2221[e][3]). In any event, such evidence would not have changed the prior determination (see Ascentium Capital, LLC v Empire Med. Servs. of Long Is., P.C., 182 AD3d 563).
The defendant's remaining contentions are without merit.
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court