Kokolis v Wallace (2022 NY Slip Op 01018)





Kokolis v Wallace


2022 NY Slip Op 01018


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-01553
 (Index No. 703957/18)

[*1]Nicholas Kokolis, respondent,
v
Anthony Wallace, appellant.


Da'Tekena Barango-Tariah, Brooklyn, NY, for appellant.
Hach & Rose, LLP, New York, NY (Natasha Berg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered January 27, 2020. The order denied the defendant's motion to vacate (1) an amended order of the same court (Joseph Risi, J.), entered October 10, 2018, granting the plaintiff's unopposed motion for leave to enter a default judgment, and (2) a judgment of the same court (Ernest Hart, J.), entered January 15, 2019, made after an inquest on the issue of damages, which is in favor of the plaintiff and against the defendant in the principal sum of $193,413.73.
ORDERED that the order entered January 27, 2020, is modified, on the law and the facts, by deleting the provision thereof denying that branch of the defendant's motion which was to vacate the judgment entered January 15, 2019, and substituting therefor a provision granting that branch of the defendant's motion to the extent of reducing the award from the principal sum of $193,413.73 to the principal sum of $25,000 and otherwise denying that branch of the motion; as so modified, the order entered January 27, 2020, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.
In March 2018, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained during an alleged armed robbery committed by the defendant. The defendant failed to appear or answer the complaint. In August 2018, the plaintiff moved for leave to enter a default judgment against the defendant. The defendant failed to oppose the motion, and a default judgment was entered against him. On December 6, 2018, an inquest on the plaintiff's damages was held. Thereafter, on January 15, 2019, a judgment after inquest was entered in the plaintiff's favor in the amount of $193,413.73. In February 2019, the defendant moved to vacate the default judgment and the judgment after inquest, contending, among other things, that he was not properly served with the summons and complaint and, in the alternative, in effect, that the judgment after inquest should be reduced as excessive. In an order entered January 27, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
"Pursuant to CPLR 317, a defaulting defendant who was served with a summons other than by personal delivery may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a [*2]potentially meritorious defense" (Dunn v Law Offs. of Evans & Al-Shabazz, LLP, 189 AD3d 776, 779 [internal quotation marks omitted]; see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Flanagan v Delaney, 194 AD3d 694, 697). However, "to support a determination granting relief under CPLR 317, a party must still demonstrate, and the Court must find, that the party did not receive actual notice of the summons and complaint in time to defend the action" (Wassertheil v Elburg, LLC, 94 AD3d 753, 754 [internal quotation marks omitted]; see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 142; Bethpage Fed. Credit Union v Grant, 178 AD3d 997, 998). "The mere denial of receipt of the summons and complaint is . . . insufficient to establish lack of actual notice for the purpose of CPLR 317" (Wassertheil v Elburg, LLC, 94 AD3d at 754 [internal quotation marks omitted]; see Bank of N.Y. v Samuels, 107 AD3d 653, 654).
A process server's affidavit of service ordinarily constitutes prima facie evidence of service of the summons and complaint pursuant to CPLR 308(2) (see Flanagan v Delaney, 194 AD3d at 696-697; Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 640-641). Here, the process server's affidavit asserted that the summons and complaint were delivered to "TYRELL JACKSON, RELATIVE" who was a person of suitable age and discretion and whose physical description was set forth in detail, at an address on Fulton Street in Brooklyn, followed by the required mailing. The process server's affidavit established, prima facie, that the defendant was properly served pursuant to CPLR 308(2). The defendant's claim that he was incarcerated and did not reside at the address where service was effected was directly contradicted by records from the New York State Department of Corrections and Community Supervision, which established that the defendant, who was on parole at the time, was not incarcerated, and confirmed that the address where service was effected was the defendant's reported residence (see former 9 NYCRR 8003.2[d]). The defendant also failed to provide sufficient evidence refuting the process server's averment that a person fitting the description of Tyrell Jackson was present at the defendant's residence at the time and accepted service on behalf of the defendant (see Berganza v Pecora, 192 AD3d 743; Nationstar Mtge., LLC v Kamil, 155 AD3d 966, 967). Under these circumstances, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 317 without regard to whether the defendant demonstrated the existence of a potentially meritorious defense (see Bethpage Fed. Credit Union v Grant, 178 AD3d at 998; Bedessee Imports, Inc. v Najjar, 170 AD3d at 641).
The defendant additionally contends that the damages awarded were excessive. Although this Court is not relieving the defendant of his default, this Court may consider whether excessive damages were awarded (see Uceta v Sherwood, LLC, 189 AD3d 1114, 1115; Loeffler v Glasgow, 169 AD3d 1024, 1025; Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d 1232, 1234; Thompson v Steuben Realty Corp., 31 AD3d 746, 747; Bajwa v Saida, Inc., 6 AD3d 471, 473). "An unwarranted and excessive award after inquest will not be sustained, as to do otherwise 'would be tantamount to granting the plaintiffs an open season at the expense of a defaulting defendant'" (Neuman v Greenblatt, 260 AD2d 616, 617 [internal quotation marks omitted], quoting Brosnan v Behette, 186 AD2d 165, 167; see Loeffler v Glasgow, 169 AD3d at 1026; Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d at 1234). Based upon the proof submitted at the inquest, an award of $25,000 constitutes reasonable compensation (see Raymond v Marchand, 125 AD3d 835, 836; Abdelzaher v Sallustio, 120 AD3d 1160, 1163; Giambruno v Crazy Donkey Bar and Grill, 65 AD3d 1190, 1193; cf Romaine v Rawson, 140 F Supp 2d 204, 214 [ND NY]).
The plaintiff's remaining contention is without merit.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court