Olden Group, LLC v 2890 Review Equity, LLC (2022 NY Slip Op 05699)

Olden Group, LLC v 2890 Review Equity, LLC

2022 NY Slip Op 05699

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
SHERI S. ROMAN
JOSEPH J. MALTESE, JJ.

2021-01682
 (Index No. 705889/18)

[*1]Olden Group, LLC, appellant, 
v
2890 Review Equity, LLC, et al., respondents.

Edward Harold King, PLLC, Brooklyn, NY (Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Peter S. Dawson of counsel), respondent pro se and for respondents 2890 Review Equity, LLC, and 2890 Review TIC Owner, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated January 29, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to renew its opposition to that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint, which was granted in an order of the same court dated March 29, 2019, and those branches of its prior motion which were pursuant to CPLR 3211(e) for leave to replead or, in the alternative, pursuant to CPLR 3025 for leave to amend the complaint, which were denied in an order of the same court dated June 1, 2020.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The background facts and procedural history are more fully set forth in our decisions and orders on related appeals (see Olden Group, LLC v 2890 Review Equity, LLC, _____ AD3d _____ [Appellate Division Docket No. 2019-03645; decided herewith]; Olden Group, LLC v 2890 Review Equity, LLC, _____ AD3d _____ [Appellate Division Docket No. 2020-04292; decided herewith]). The plaintiff commenced the instant action against, among others, the defendants 2890 Review Equity, LLC, and 2890 Review TIC Owner, LLC (hereinafter together the 2890 Review defendants), which owned certain real property in Long Island City (hereinafter the property), alleging, among other things, that the 2890 Review defendants breached an alleged option agreement by failing to convey the property to the plaintiff. After the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, the plaintiff moved, inter alia, pursuant to CPLR 3211(e) for leave to replead or, in the alternative, pursuant to CPLR 3025 for leave to amend the complaint, and the court, among other things, denied those branches of the plaintiff's motion (see Olden Group, LLC v 2890 Review Equity, LLC, _____ AD3d _____ [Appellate Division Docket No. 2019-03645; decided herewith]; Olden Group, LLC v 2890 Review Equity, LLC, _____ AD3d _____ [Appellate Division Docket No. 2020-04292; decided herewith]).
Thereafter, the plaintiff moved for leave to renew its opposition to that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and those branches of its prior motion which were pursuant to CPLR 3211(e) for leave to replead or, in the [*2]alternative, pursuant to CPLR 3025 for leave to amend the complaint. The defendants opposed the motion. By order dated January 29, 2021, the Supreme Court, inter alia, denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (id. § 2221[e][2]), and "shall contain reasonable justification for failure to present such facts on the prior motion" (id. § 2221[e][3]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020-1021). Although a court has discretion to entertain a motion to renew based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for failing to submit the information in the first instance (see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774). "A motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Wells Fargo Bank, N.A. v Mone, 185 AD3d 626, 629 [internal quotation marks omitted]).
Here, the purported new information contained in an affirmation by nonparty Nediva Schwartz was available to the plaintiff at the time of the prior motions, the plaintiff did not demonstrate a reasonable justification for failing to submit the new information at the time of the prior motions, and the new information would not have changed the prior determinations (see Dual-Purpose Corp. v Hadjandreas, 203 AD3d 1134, 1138; Dunn v Law Offs. of Evans & Al-Shabazz, LLP, 189 AD3d 776; Oceanview Assoc., LLC v HLS Bldrs. Corp., 184 AD3d 843, 846; HSBC Bank USA, N.A. v Green, 175 AD3d 1273, 1275). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew its opposition to that branch of the defendants' prior motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and those branches of its prior motion which were pursuant to CPLR 3211(e) for leave to replead or, in the alternative, pursuant to CPLR 3025 to amend the complaint.
DILLON, J.P., CONNOLLY, ROMAN and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court