Williams v New York City Off. of Chief Med. Examiner
2026 NY Slip Op 04001
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Tonya Williams, et al., respondents,
v
New York City Office of Chief Medical Examiner, et al., defendants, Unity Funeral Chapels, Inc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2022-07194, (Index No. 527070/19)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Stacie Bryce Feldman, New York, NY, for appellant.
Wurzel Law Group, PLLC, Floral Park, NY (Glenn J. Wurzel of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the defendant Unity Funeral Chapels, Inc., appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated August 22, 2022. The order, insofar as appealed from, denied those branches of that defendant's motion which were to vacate (1) so much of an order of the same court dated July 27, 2021, as granted that branch of the plaintiffs' unopposed motion which was for leave to enter a default judgment against that defendant, (2) a decision of the same court dated October 27, 2021, after an inquest, finding that each plaintiff is entitled to damages in the principal sum of $1,250,000, and (3) a judgment of the same court also dated October 27, 2021, in favor of the plaintiffs and against the defendant Unity Funeral Chapels, Inc., in the principal sum of $2,500,000.
ORDERED that the appeal from so much of the order dated August 22, 2022, as denied that branch of the motion of the defendant Unity Funeral Chapels, Inc., which was to vacate the decision dated October 27, 2021, is dismissed, as no appeal lies from an order denying a motion to vacate a decision (see Coradin v New York City Tr. Auth., 3 AD3d 547); and if is further,
ORDERED that the order dated August 22, 2022, is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Unity Funeral Chapels, Inc., which was to vacate the judgment dated October 27, 2021, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated August 22, 2022, is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, before a different Justice, for a new inquest and determination on damages in accordance herewith.
The plaintiffs commenced this action against the defendant Unity Funeral Chapels, Inc. (hereinafter Unity), among others, asserting causes of action to recover damages for negligence, breach of contract, and fraud. Unity failed to appear or answer the complaint. In an order dated July 27, 2021, the Supreme Court, inter alia, granted that branch of the plaintiffs' unopposed motion which was for leave to enter a default judgment against Unity.
On October 27, 2021, the Supreme Court conducted an inquest, at which it found that each plaintiff is entitled to $750,000 in "general damages" and $500,000 in punitive damages. A [*2]judgment dated October 27, 2021, was entered in favor of the plaintiffs and against Unity in the principal sum of $2,500,000.
Thereafter, Unity moved, among other things, to vacate so much of the order dated July 27, 2021, as granted that branch of the plaintiffs' unopposed motion which was for leave to enter a default judgment against Unity, and the judgment. In an order dated August 22, 2022, the Supreme Court, inter alia, denied those branches of Unity's motion. Unity appeals.
The Supreme Court properly determined that Unity was not entitled to vacatur under CPLR 5015(a)(4). "Pursuant to CPLR 5015(a)(4), '[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person . . . upon the ground of . . . lack of jurisdiction to render the judgment or order" (U.S. Bank Trust, N.A. v Lane, 241 AD3d 745, 746, quoting CPLR 5015[a][4]). "'The court does not have personal jurisdiction over a defendant when a plaintiff fails to properly effectuate service of process'" (Citimortgage, Inc. v Ramcharran, 240 AD3d 738, 739, quoting Christiana Trust v Leriche, 219 AD3d 564, 566). "[A] process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service" (Robert M. Spano Plumbing & Heating, Inc. v Summit Farm Realty, Inc., 241 AD3d 584, 584 [internal quotation marks omitted]). "'To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service'" (Nurhan v Harley, 237 AD3d 728, 730, quoting Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847).
Here, Unity's submissions in support of its motion were insufficient to defeat the presumption of proper service created by an affidavit of the plaintiff's process server (see CP-SRMOF II 2012-A Trust v Turri, 228 AD3d 727, 728-729; Deutsche Bank Natl. Trust Co. v Fernandez, 208 AD3d 1151, 1152-1153). "Although significant discrepancies in the description of the person served, which cannot be explained by the passage of time, may be sufficient for such a showing, a minor discrepancy between the appearance of the person allegedly served and the description of the person served contained in the affidavit of service is generally insufficient to raise an issue of fact warranting a hearing" (Bayview Loan Servicing, LLC v Yusupova, 172 AD3d 669, 670 [citation, alterations, and internal quotation marks omitted]; see Green Tree Servicing, LLC v Frantzeskakis, 200 AD3d 654, 654). Here, the alleged discrepancies were insufficient to raise an issue of fact warranting a hearing (see Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 648; US Bank, N.A. v Cherubin, 141 AD3d 514, 516).
"'A defendant seeking to vacate a default in answering a complaint pursuant to CPLR 5015(a)(1) must show both a reasonable excuse for the default and the existence of a potentially meritorious defense'" (Marquez v GSB Supply, Inc, 240 AD3d 877, 878, quoting 6 Crannell St., LLC v Urban Green Equities, LLC, 207 AD3d 603, 604). Here, Unity failed to establish a reasonable excuse for its default, since the only excuse it proffered was that it was not served with process (see Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 641; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 765). Since Unity failed to establish a reasonable excuse for its default, it is unnecessary to determine whether it demonstrated a potentially meritorious defense to the action (see Aslan Holdings Corp. v Schiff, 240 AD3d 734, 735; US Bank N.A. v Cooper, 191 AD3d 1035, 1036-1037).
Furthermore, Unity could not seek relief under CPLR 317, as it was served by personal delivery (see Ross v Sunrise Home Improvement, 186 AD3d 633, 633-634).
Nevertheless, under the circumstances of this case, we deem it appropriate to exercise our discretion and grant that branch of Unity's motion which was to vacate the judgment entered upon its default. "[A] defaulting defendant 'admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff[s'] conclusion as to damages'" (Reilly v Grieco, 242 AD3d 1030, 1033, quoting Rokina Opt. Co. v Camera King, 63 NY2d 728, 730). "'It has long been held that courts have inherent power beyond that which is contained in the CPLR . . . to open defaults . . . and where the amount awarded on a default judgment has been perceived as excessive the courts have exercised their inherent power to modify or reduce the amount'" (Quigley v Coco's Water Café, Inc., 43 AD3d 1132, 1133, quoting Cervino v Konsker, 91 AD2d 249, 253; see Ladd v Stevenson, 112 NY 325). "An unwarranted and excessive award after [*3]inquest will not be sustained, as to do otherwise would be tantamount to granting the plaintiffs an 'open season' at the expense of a defaulting defendant" (Neuman v Greenblatt, 260 AD2d 616, 617 [internal quotation marks omitted]).
Here, the award of damages in the principal amount of $2,500,000 was unwarranted and excessive (see Kokolis v Wallace, 202 AD3d 948, 951; Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d 1232, 1234-1235; Thompson v Steuben Realty Corp., 31 AD3d 746, 747). Futher, the Supreme Court failed to itemize the elements of damages and state the facts it deemed essential in determining the award of damages (see Nunez v Bardwil, 145 AD3d 909, 910). Accordingly, and in light of certain injudicious remarks made by the Justice at the inquest, we deem it appropriate to remit the matter to the Supreme Court, Kings County, for a new inquest and determination on damages before a different Justice (see id.).
The parties' remaining contentions are either improperly raised for the first time on appeal or without merit.
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court