Bookman v 816 Belmont Realty, LLC (2020 NY Slip Op 01318)





Bookman v 816 Belmont Realty, LLC


2020 NY Slip Op 01318


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-11772
 (Index No. 515451/16)

[*1]Troy Bookman, appellant, 
v
816 Belmont Realty, LLC, respondent.


Drabkin & Margulies (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Michael H. Zhu], of counsel), for appellant.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 14, 2018. The order granted the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate a judgment of the same court dated November 9, 2017, entered upon its failure to appear or answer the complaint.
ORDERED that the order is reversed, on the law, the facts, and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate the judgment dated November 9, 2017, is denied.
On July 22, 2014, the plaintiff allegedly was injured when he fell on a sidewalk abutting premises owned by the defendant. In September 2016, the plaintiff commenced this action to recover damages for personal injuries. On September 28, 2016, the defendant was served by delivery of the summons and complaint to the Secretary of State. In December 2016, the plaintiff moved for leave to enter a default judgment upon the defendant's failure to appear or answer the complaint. On January 26, 2017, the Supreme Court granted the plaintiff's motion. On November 9, 2017, after an inquest on the issue of damages, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $375,000.
In July 2018, the defendant moved pursuant to CPLR 317 and 5015(a)(1) to vacate the judgment dated November 9, 2017, claiming, among other things, that it had not received notice of the action because of an incorrect address on file with the Secretary of State. The plaintiff opposed the motion. In an order dated August 14, 2018, the Supreme Court granted the motion. The plaintiff appeals.
Pursuant to CPLR 317, a defaulting defendant who was served with a summons other than by personal delivery may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1316). Here, the defendant was not entitled to vacatur of its default pursuant to CPLR 317. The record reflects that, since September 2011, the defendant [*2]had not filed, with the Secretary of State, the required biennial form that would have apprised the Secretary of State of its current address (see Limited Liability Company Law § 301[e]), thus raising an inference that the defendant deliberately attempted to avoid notice of actions commenced against it (see Cruz v Keter Residence, LLC, 115 AD3d 700, 701; see also Santiago v Sansue Realty Corp., 243 AD2d 622, 622-623).
"In contrast to a motion pursuant to CPLR 317, on a motion pursuant to CPLR 5015(a)(1), the movant is required to establish a reasonable excuse for his or her default" (Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d 1214, 1216). Under the circumstances of this case, the defendant's failure to keep the Secretary of State apprised of its current address over a significant period of time did not constitute a reasonable excuse (see Cruz v Keter Residence, LLC, 115 AD3d at 701; Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788; Castle v Avanti, Ltd., 86 AD3d 531, 531).
In light of the foregoing, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (see Dove v 143 Sch. St. Realty Corp., 172 AD3d at 1318; Dwyer Agency of Mahopac, LLC v Dring Holding Corp., 164 AD3d at 1217).
Accordingly, the Supreme Court should have denied the defendant's motion pursuant to CPLR 317 and 5015(a)(1) to vacate the judgment dated November 9, 2017.
SCHEINKMAN, P.J., RIVERA, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court