Ross v Sunrise Home Improvement (2020 NY Slip Op 04501)





Ross v Sunrise Home Improvement


2020 NY Slip Op 04501


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-00228
 (Index No. 610134/17)

[*1]Hank Ross, et al., respondents, 
v
Sunrise Home Improvement, et al., appellants.


La Reddola Lester & Associates, LLP, Garden City, NY (Steven M. Lester of counsel), for appellants.
Gordon & Gordon, P.C., Forest Hills, NY (Jason S. Matuskiewicz and Peter S. Gordon of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered November 29, 2018. The order denied the defendants' motion, among other things, to vacate a judgment of the same court entered August 1, 2018, upon their failure to appear or answer the complaint.
ORDERED that the order is modified, on the law and the facts, by deleting the provision thereof denying that branch of the defendants' motion which was to vacate the judgment entered August 1, 2018, and substituting therefor a provision granting that branch of the defendants' motion; as so modified, the order is affirmed, without costs and disbursements, the judgment is vacated, and the matter is remitted to the Supreme Court, Nassau County, for an inquest on the issue of damages, and for the entry of an appropriate judgment thereafter.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract against the defendants. According to the affidavit of service, both defendants were served by delivery of copies of the summons and complaint to the individual defendant, who was also an officer of the corporate defendant, on September 28, 2017. The corporate defendant was again served via the Secretary of State on March 23, 2018. The defendants neither appeared nor answered the complaint.
By order entered June 18, 2018, the Supreme Court granted the plaintiffs' renewed motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendants. On August 1, 2018, the court entered a judgment in favor of the plaintiffs and against the defendants in the principal sum of $61,500. Thereafter, the defendants moved, inter alia, to vacate the default judgment. In an order entered November 29, 2018, the court denied the defendants' motion. The defendants appeal.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4) and also seeks a discretionary vacatur pursuant to CPLR 5015(a)(1), a court is required to resolve the jurisdictional question before determining whether it [*2]is appropriate to grant a discretionary vacatur of the default under CPLR 5015(a)(1)" (Wells Fargo Bank, NA v Besemer, 131 AD3d 1047, 1047; see West Coast Servicing, Inc. v Yusupova, 172 AD3d 789, 790).
We agree with the Supreme Court's determination that the defendants were not entitled to vacatur under CPLR 5015(a)(4). "To be entitled to vacatur of a default judgment under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the process server's affidavit of service" (HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). "While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial of service containing specific facts generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985 [citations omitted]).
Here, the affidavit of the plaintiffs' attorney constituted prima facie evidence of proper service upon the individual defendant pursuant to CPLR 308(1) and upon the corporate defendant pursuant to CPLR 311(a)(1) (see West Coast Servicing, Inc. v Yusupova, 172 AD3d at 790; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d 763, 764).
In his affidavit in support of the motion to vacate the default judgment, the individual defendant admitted that the plaintiffs' attorney, who executed the affidavit of service, was present in the District Court, Nassau County, representing the plaintiffs in a related action between the parties on September 28, 2017, the date of service, when the individual defendant was also present representing himself pro se. The individual defendant did not deny that both he and the plaintiffs' attorney appeared and argued before the District Court in the related action on that date, but only generally denied being served with process on behalf of himself or the corporate defendant. The individual defendant's conclusory denials of service were insufficient to overcome the inference of proper service that arose from the affidavit of the plaintiffs' attorney (see Konig v Hermitage Ins. Co., 93 AD3d 643, 647; U.S. Natl. Bank Assn. v Melton, 90 AD3d 742, 743; Thas v Dayrich Trading, Inc., 78 AD3d 1163).
With respect to that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1), the defendants failed to establish a reasonable excuse for their default, since the only excuse they proffered was that they were not served with process (see Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 641; Indymac Fed. Bank FSB v Quattrochi, 99 AD3d at 765).
With respect to that branch of the defendants' motion which was pursuant to CPLR 317, each defendant was served "by personal delivery," and therefore they could not seek relief under CPLR 317 (see CPLR 308[a][1]; 311[a][1]; Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723-724).
In light of the foregoing, it is unnecessary to determine whether the defendants sufficiently demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 5015(a)(1) or 317 (see Bedessee Imports, Inc. v Najjar, 170 AD3d at 642; Xiao Lou Li v China Cheung Gee Realty, LLC, 139 AD3d 724, 726).
However, under the circumstances presented here, the Supreme Court should not have assessed damages without conducting an inquest. Therefore, we modify the order so as to grant that branch of the defendants' motion which was to vacate the judgment, vacate the judgment, and remit the matter to the Supreme Court, Nassau County, for an inquest on the issue of damages, and for the entry of an appropriate judgment thereafter.
The defendants' remaining contentions are without merit.
LEVENTHAL, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court