Flanagan v Delaney (2021 NY Slip Op 02786)





Flanagan v Delaney


2021 NY Slip Op 02786


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2019-06695
 (Index No. 611892/17)

[*1]Michael Flanagan, respondent,
v
James P. Delaney, et al., appellants.


O'Dwyer & Bernstien, LLP, New York, NY (James P. Delaney pro se of counsel), for appellants.
John L. O'Kelly, East Williston, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered April 4, 2019. The order, insofar as appealed from, (a) denied that branch of the defendants' motion which was for leave to renew their opposition to the plaintiff's motion for leave to enter a default judgment against them which had been granted in an order of the same court entered October 12, 2018, (b) in effect, upon reargument, adhered to its prior determination in the order entered October 12, 2018, granting the plaintiff's motion for leave to enter a default judgment against them, and (c) denied those branches of the defendants' motion which were pursuant to CPLR 5015(a)(4) and 317 to vacate their default in answering the complaint and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction.
ORDERED that the order entered April 4, 2019, is affirmed insofar as appealed from, with costs.
The plaintiff alleges that, in 2009, the defendants, James P. Delaney and Dundalk NY, Inc. (hereinafter Dundalk), agreed that they would purchase the plaintiff's 50% interest in Dundalk. In November 2017, the plaintiff commenced this action against the defendants to recover damages for breach of the purchase agreement. The defendants failed to appear or answer the complaint. In February 2018, the plaintiff moved for leave to enter a default judgment against the defendants. In support of his motion, the plaintiff submitted evidence that Delaney had been served pursuant to CPLR 308(2) by delivery of the summons and complaint upon the doorman of the apartment building where Delaney resided and by mailing a copy of the summons and complaint to Delaney at his residence, and that Dundalk had been served pursuant to Business Corporation Law § 306. In addition, the plaintiff established a viable cause of action by submitting a detailed complaint, which he personally verified, and he demonstrated that the defendants had failed to answer the complaint. In May 2018, the defendants filed an answer and opposition to the plaintiff's motion. In support of their opposition, the defendants submitted the affirmation of their attorney, who averred that Delaney was never served. In an order entered October 12, 2018, the Supreme Court granted the plaintiff's motion.
In November 2018, the defendants moved, inter alia, for leave to reargue and renew their opposition to the plaintiff's prior motion, pursuant to CPLR 5015(a)(4) and 317 to vacate their [*2]default in answering the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint for lack of personal jurisdiction. In support of their motion, the defendants submitted, among other things, affidavits from Delaney and an employee who worked in the apartment building where Delaney resided. In an order entered April 4, 2019, the Supreme Court, inter alia, denied that branch of the defendants' motion which was for leave to renew, in effect, granted that branch of the defendants' motion which was for leave to reargue and, upon reargument, adhered to its prior determination granting the plaintiff's motion for leave to enter a default judgment against the defendants, and denied those branches of the defendants' motion which were to vacate their default in answering and to dismiss the complaint. The defendants appeal.
"A motion for leave to renew is addressed to the sound discretion of the court" (Matheus v Weiss, 20 AD3d 454, 454-455). Pursuant to CPLR 2221, a motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (id. 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. 2221[e][3]; see Okumus v Living Room Steak House, Inc., 112 AD3d 799). A motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation (see Carmike Holding I, LLC v Smith, 180 AD3d 744, 747; Semenov v Semenov, 98 AD3d 962, 963).
Here, the new facts submitted in support of that branch of the defendants' motion which was for leave to renew were not sufficient to change the prior determination granting the plaintiff's motion for leave to enter a default judgment against them. In addition, the defendants did not demonstrate a reasonable justification for their failure to include those facts, which were then available to them, in their original opposition (see Marrero v Crystal Nails, 77 AD3d 798, 799; Development Strategies Co., LLC, Profit Sharing Plan v Astoria Equities, Inc., 71 AD3d 628, 629). Accordingly, that branch of the defendants' motion which was for leave to renew was properly denied.
That branch of the defendants' motion which was pursuant to CPLR 5015(a)(4) to vacate their default in answering the complaint was also properly denied. The affidavit of the plaintiff's process server constituted prima facie evidence of proper service upon Delaney pursuant to CPLR 308(2) (see Bedessee Imports, Inc. v Najjar, 170 AD3d 640). Contrary to the defendants' contention, the plaintiff's process server averred that he was denied access to Delaney's apartment. Accordingly, Delaney was properly served pursuant to CPLR 308(2) by delivery of process to the doorman of the apartment building where Delaney resided and by mailing a copy to him at his residence (see F.I. duPont, Glore Forgan & Co. v Chen, 41 NY2d 794, 797; Citibank, N.A. v Balsamo, 144 AD3d 964, 965; Bank of Am., N.A. v Grufferman, 117 AD3d 508). Furthermore, the affirmation of the plaintiff's attorney constituted prima facie evidence of proper service upon the corporate defendant pursuant to Business Corporation Law § 306 (see CPLR 311[a][1]; 2106[a]; Ross v Sunrise Home Improvement, 186 AD3d 633, 634; NYCTL 2013-A Trust v Heights Houses Corp., 172 AD3d 1078, 1079). Contrary to the defendants' contention, the typographical error contained in the affirmation of service regarding Dundalk was a mere irregularity (see CPLR 2001; Mendez v Kyung Yoo, 23 AD3d 354, 355-356; Mrwik v Mrwik, 49 AD2d 750, 751). In this regard, the plaintiff presented a copy of the receipt for service from the Secretary of State to demonstrate that Dundalk was in fact served with process (see Mendez v Kyung Yoo, 23 AD3d at 356; see generally Business Corporation Law § 306[b][1]; Bevilacqua v Bloomberg, L.P., 70 AD3d 411, 414). Delaney's conclusory denials of service were insufficient to rebut the presumption of proper service established by the plaintiff's evidence (see Ross v Sunrise Home Improvement, 186 AD3d at 634; NYCTL 2013-A Trust v Heights Houses Corp., 172 AD3d at 1079; HSBC Bank USA, N.A. v Eliyahu, 170 AD3d 1130, 1131).
That branch of the defendants' motion which was pursuant to CPLR 317 to vacate their default in appearing and answering was properly denied. In support thereof, the defendants were required to demonstrate that they did not personally receive notice of the summons in time to defend and a potentially meritorious defense (see CPLR 317; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; Taieb v Hilton Hotels Corp., 60 NY2d 725, 728; PHH Mtge. Corp. v Muricy, 135 AD3d 725, 726). The evidence demonstrating that copies of the summons and complaint were mailed to the correct address of each defendant created a presumption of proper [*3]mailing and of receipt, and Delaney's mere denial of receipt was insufficient to rebut that presumption (see Williamson v Marlou Cab Corp., 129 AD3d 711, 713; Burekhovitch v Tatarchuk, 99 AD3d 653, 654).
The defendants' contention that the plaintiff waived late service of the answer and the default was raised for the first time in connection with the defendants' motion for reargument. A motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided or to present arguments different from those originally presented (see Matter of Anthony J. Carter, DDS, P.C. v Carter, 81 AD3d 819, 820; Woody's Lbr. Co., Inc. v Jayram Realty Corp., 30 AD3d 590, 592-593; Gellert & Rodner v Gem Community Mgt., Inc., 20 AD3d 388, 388). Upon reargument, the Supreme Court properly adhered to its prior determination. In any event, the defendants' contention is without merit (see Nasca v Gertel, 5 AD3d 361; Brenner v Cross County Shopping Ctr., 308 AD2d 469, 470).
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court