FPG CH 94 Amity, LLC v Pizzarotti, LLC (2023 NY Slip Op 03851)

FPG CH 94 Amity, LLC v Pizzarotti, LLC

2023 NY Slip Op 03851

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-01173
2020-03335
 (Index No. 512149/19)

[*1]FPG CH 94 Amity, LLC, appellant,
v
Pizzarotti, LLC, defendant, Fidelity and Deposit Company of Maryland, respondent.

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Brooklyn, NY (Robert A. Spolzino and Anthony J. Genovesi, Jr., of counsel), for appellant.
Torre, Lentz, Gamell, Gary & Rittmaster, LLP, Jericho, NY (Michael A. Prisco and Mark S. Gamell of counsel), for respondent.
Peckar & Abramson, P.C., New York, NY (Kevin J. O'Connor and Puja Sharma of counsel), for defendant Pizzarotti, LLC.

DECISION & ORDER
In an action to recover damages for breach of contract and for declaratory relief, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 2, 2020, and (2) an order of the same court dated March 2, 2020. The order dated January 2, 2020, insofar as appealed from, granted that branch of the motion of the defendant Fidelity and Deposit Company of Maryland which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action in the amended complaint. The order dated March 2, 2020, denied the plaintiff's motion for leave to reargue its opposition to that branch of the motion of the defendant Fidelity and Deposit Company of Maryland which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action in the amended complaint.
ORDERED that the appeal from the order dated March 2, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated January 2, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Fidelity and Deposit Company of Maryland.
On February 15, 2016, the plaintiff entered into a construction management agreement (hereinafter the CMA) with the defendant Pizzarotti, LLC (hereinafter Pizzarotti), whereby Pizzarotti agreed to construct eight residential townhouses in exchange for a guaranteed maximum price of $14,553,882. The defendant Fidelity and Deposit Company of Maryland (hereinafter Fidelity), as surety, issued payment and performance bonds, each in the sum of [*2]$14,553,882, on behalf of Pizzarotti, as principal, in favor of the plaintiff. On January 25, 2019, following delays in construction, the plaintiff and Pizzarotti entered into a "letter agreement." The letter agreement provided, inter alia, that Pizzarotti agreed to pay the sum of $3,859,696.73 over four installment payments to the plaintiff in satisfaction of the cost to complete construction which was in excess of the guaranteed maximum price. The letter agreement also provided that the plaintiff "agree[d] to the substitution of the payment and performance bond . . . for a new maintenance bond covering remedial work after substantial completion under the CMA in the sum of $5,000,000 upon payment of the fourth and last installment [payment]." Pizzarotti subsequently made the four installment payments to the plaintiff in the total sum of $3,859,696.73.
In May 2019, the plaintiff commenced this action against Pizzarotti to recover damages for breach of contract and for declaratory relief. In the first cause of action, the plaintiff alleged that since the project remained uncompleted, the payment and performance bonds "remain extant," and sought a judgment declaring that it was "not obligated to release the payment and performance bond submitted by [Pizzarotti] in exchange for a new maintenance bond covering remedial work." Thereafter, Pizzarotti moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order dated August 22, 2019 (hereinafter the 2019 order), the Supreme Court, inter alia, granted that branch of Pizzarotti's motion which was to dismiss the first cause of action. In the 2019 order, the court determined, insofar as relevant, that there was no dispute that the condition in the letter agreement for release of the payment and performance bond—that each of the four installment payments be paid by Pizzarotti—had been satisfied, and thus, there were "no questions of fact concerning the release of the bonds." The plaintiff did not appeal from the 2019 order.
In October 2019, the plaintiff filed an amended complaint, adding Fidelity as a defendant and adding a fourth cause of action—to recover damages for breach of contract against Fidelity. In the fourth cause of action, the plaintiff alleged that Fidelity breached its obligations under the performance bond by failing to respond to the plaintiff's notice for Fidelity to complete construction. Thereafter, Fidelity moved, inter alia, pursuant to CPLR 3211(a) to dismiss the fourth cause of action in the amended complaint. In support of the motion, Fidelity argued, among other things, that the fourth cause of action, alleging a breach of the performance bond, must be dismissed, since the Supreme Court's determination in the 2019 order that the condition for release of that bond in the letter agreement had been satisfied constituted the law of the case. In opposition to the motion, the plaintiff contended that the letter agreement did not condition release of the bonds solely upon satisfaction of the installment payments, but also upon "substantial completion" of the work, and that the project remained unfinished. In an order dated January 2, 2020, the court, inter alia, granted that branch of Fidelity's motion which was to dismiss the fourth cause of action in the amended complaint.
Subsequently, the plaintiff moved for leave to reargue its opposition to Fidelity's motion. In support of that motion, the plaintiff argued, for the first time, that pursuant to the letter agreement, release of the payment and performance bonds was conditioned upon Pizzarotti providing a new maintenance bond, which had not been provided by Pizzarotti. In an order dated March 2, 2020, the Supreme Court denied the plaintiff's motion for leave to reargue. The plaintiff appeals.
Initially, the plaintiff's contention that it was not obligated to release the performance bond until it was provided with a new maintenance bond was improperly raised for the first time on the plaintiff's motion for leave to reargue its opposition to Fidelity's motion, inter alia, to dismiss the fourth cause of action (see Flanagan v Delaney, 194 AD3d 694, 698; Vassar Coll. v Marshall & Sterling, Inc., 156 AD3d 938, 939; Ruddock v Boland Rentals, Inc., 5 AD3d 368, 371). "A motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided or to present arguments different from those originally presented" (Flanagan v Delaney, 194 AD3d at 698).
Furthermore, the Supreme Court properly granted that branch of Fidelity's motion which was to dismiss the fourth cause of action in the amended complaint. "A motion pursuant to CPLR 3211(a)(1) to dismiss a complaint on the ground that a defense is founded on documentary evidence 'may be appropriately granted only where the documentary evidence utterly refutes [the] [*3]plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Attias v Costiera, 120 AD3d 1281, 1282, quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Here, Fidelity's submission of the 2019 order conclusively established that the Supreme Court's determinations in that order concerning the release of the performance bond constituted the law of the case, and warranted dismissal of the fourth cause of action, seeking to recover for an alleged breach of that bond (see Gerendash v City of New York, 163 AD3d 635, 636). In the 2019 order, the court determined, insofar as relevant, that dismissal of the first cause of action in the complaint was warranted because that cause of action sought a judgment declaring that "the plaintiff may keep the . . . performance bond[ ]," and that there were "no questions of fact concerning the release of the [performance] bond[ ]," since the condition in the letter agreement for release of that bond had been satisfied. Although this Court is not bound by the Supreme Court's prior determination pursuant to the law of the case doctrine, under the circumstances presented here, no basis exists to disturb the Supreme Court's determination (see Odierna v RSK, LLC, 171 AD3d 769, 772).
The plaintiff's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court properly granted that branch of Fidelity's motion which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action in the amended complaint.
DILLON, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court