Almonte v Soldati Realty, Inc. (2024 NY Slip Op 05320)

Almonte v Soldati Realty, Inc.

2024 NY Slip Op 05320

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2022-02156
 (Index No. 14238/14)

[*1]Fanny Almonte, respondent, 
v
Soldati Realty, Inc., et al., appellants.

Holihan & Associates, P.C., Richmond Hill, NY (Stephen Holihan of counsel), for appellants.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard J. Montelione, J.), dated January 26, 2022. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 317 and 5015(a)(1) to vacate a clerk's judgment of the same court entered November 2, 2020, upon their failure to appear or answer the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In October 2014, the plaintiff commenced this action against the defendants, Soldati Realty, Inc. (hereinafter Soldati), and Raffaele Forino, to recover damages for personal injuries she alleged she sustained when she tripped and fell on a sidewalk abutting premises owned by Soldati and operated by Forino. The defendants failed to answer the complaint or otherwise appear in the action. In an order dated July 23, 2015, the Supreme Court granted the plaintiff's unopposed motion for leave to enter a default judgment against the defendants. Thereafter, an inquest was held on the issue of damages, and on November 2, 2020, a clerk's judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $200,000.
In April 2021, the defendants moved, inter alia, pursuant to CPLR 317 and 5015(a)(1) to vacate the clerk's judgment. The plaintiff opposed the motion, and in an order dated January 26, 2022, the Supreme Court, among other things, denied those branches of the defendants' motion which were pursuant to CPLR 317 and 5015(a)(1) to vacate the clerk's judgment. The defendants appeal. We affirm.
Although a defaulting defendant who was served with a summons other than by personal delivery may be permitted, pursuant to CPLR 317, to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see Bookman v 816 Belmont Realty, LLC, 180 AD3d 986, 987; Moran v Grand Slam Ventures, LLC, 160 AD3d 944, 945), here, the Supreme Court properly [*2]determined that the record demonstrated that the defendants received actual notice of the summons in time to defend the action. The affidavit of service submitted by the plaintiff established that copies of the summons and complaint were timely mailed to Forino at his residence. Forino's mere denial of receipt of the summons and complaint was insufficient to rebut the presumption of proper mailing and receipt (see Flanagan v Delaney, 194 AD3d 694, 697; Bedessee Imports, Inc. v Najjar, 170 AD3d 640, 642). Since Soldati did not contend that the address on file with the Secretary of State at the time the summons and complaint were served was incorrect, Soldati also failed to rebut the presumption of receipt created by the affidavit of service (see Sussman v Jo-Sta Realty Corp., 99 AD3d 787, 788).
Under these circumstances, the defendants failed to demonstrate that they did not receive notice of the summons and complaint in time to defend the action (see Flanagan v Delaney, 194 AD3d at 697). Accordingly, that branch of the defendants' motion which was pursuant to CPLR 317 to vacate the clerk's judgment was properly denied.
The Supreme Court also properly denied that branch of the defendants' motion which was pursuant to CPLR 5015(a)(1) to vacate the clerk's judgment. A defendant seeking to vacate a default in appearing or answering pursuant to CPLR 5015(a)(1) must demonstrate both a reasonable excuse for the default and a potentially meritorious defense to the action (see Sussman v Jo-Sta Realty Corp., 99 AD3d at 788). Here, the defendants' conclusory denial of receipt of the summons and complaint served through the Secretary of State and mailed to Forino's residence did not amount to a reasonable excuse (see Gray v Goodluck-Hedge, 208 AD3d 1221, 1223). Although Forino averred in an affidavit submitted with the defendants' motion that he believed the action had been dismissed in 2018 pursuant to an order of dismissal, the defendants nevertheless failed to proffer a reasonable excuse for failing to appear in the action until 2021 despite receiving multiple notices related to the action after the order of dismissal (see Stevens v Charles, 102 AD3d 763, 764).
In light of the defendants' failure to establish a reasonable excuse for their default, it is unnecessary to determine whether the defendants demonstrated the existence of a potentially meritorious defense (see Bookman v 816 Belmont Realty, LLC, 180 AD3d at 988; Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1318).
The defendants' remaining contention is without merit.
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court