## JP Morgan Chase Bank, NA v Turner

2025 NY Slip Op 33014(U)

July 21, 2025

Supreme Court, Kings County

Docket Number: Index No. 511390/15

Judge: Cenceria P Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 7th day of July, 2025.

P R E S E N T:

HON. CENCERIA P EDWARDS,
         Justice.
------------------------------------------------------------------------X

JP MORGAN CHASE BANK, NA
F/K/A JPMORGAN CHASE BANK,

         Plaintiff,

   -against-           Index No.: 511390/15
                 MS 4-6

ALYSSA KING TURNER et al,

        Defendant,
------------------------------------------------------------------------X

The following e-filed papers read herein:      NYSEF Nos.:

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and Affidavits (Affirmations)
Annexed _____ 98-103 106-113 118-136

Opposing Affidavits (Affirmations)_____  105    138

Affidavits/ Affirmations in Reply _____

   Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property located at 1874 Bedford Avenue in Brooklyn (Block 5034, Lot 54), Defendant Garnold Maurice King moves [MS 4] for leave to reargue this Court's decision dated May 19, 2022 denying his motion to dismiss the action based upon an alleged lack of personal jurisdiction and, upon reargument, reversing or modifying that determination. Plaintiff opposes the requested relief.

[* 1]

Plaintiff moves [MS 5] for an order confirming the report of the referee appointed to calculate the amount due and for judgment of foreclosure and sale. No opposition was filed.

Non-Party Garnold M King (Defendant Garnold Maurice King's father) moves for leave to intervene in this action, for dismissal of this action on the basis that he – rather than his son – was served, and in the alternative to compel Plaintiff to accept his late answer. Plaintiff opposes.

### *Background Facts and Procedural History*

Plaintiff JPMorgan commenced the instant foreclosure action against Garnold Maurice King and the Estate of Elaine Marie King on September 17, 2015. All defendants were allegedly served with the summons and complaint but defaulted in answering. Plaintiff's motion to leave to amend the summons and complaint to substitute Alyssa King Turner, both individually and as Administratrix of the Estate of Elaine King, as a defendant in place of the Estate was granted on June 5, 2018.

On January 6, 2020, Plaintiff filed a motion seeking an order of reference. Defendant Garnold Maurice King opposed and cross-moved for dismissal, alleging that the Court lacked personal jurisdiction over him. In support, he averred that he did not reside at the service address (22 West 126th Street, New York, NY 10027). In opposition, Plaintiff primarily argued that Defendant had appeared in the action through counsel nearly a year and a half prior to cross-moving on jurisdictional grounds, thereby waiving that defense. Defendant replied that it was his father (Garnold <u>Malloy</u> King) rather than himself (Garnold <u>Maurice</u> King) who lived in Manhattan and was served while he, a resident of Maryland, was the owner of the property. By decision dated May 19, 2022, this Court granted Plaintiff's motion and denied Defendant's cross-motion finding, in relevant part, that Defendant waived jurisdictional defenses and that his moving papers offered a bare denial that he lived or worked at the service address.

<u>*Defendant's Motion to Reargue*</u>

Defendant now seeks reargument, alleging that his *reply* papers contained sufficient substantiation of his contention that he did not reside at the service address. Defendant also

[* 2]

suggests that this Court overlooked the evidence that it was his father, rather than he, who lived in New York. As such, he contends that the Court should have set this matter down for a traverse hearing.

In opposition, Plaintiff notes that Defendant's moving papers do not address the primary reason for the denial of his prior motion – that he had previously appeared in the action through counsel, thereby waiving jurisdictional defenses. Plaintiff, thus, argues that reargument is unwarranted.

### *Plaintiff's Motion for Judgment of Foreclosure and Sale*

Pursuant to the order of reference, the appointed referee issued his report as to the amount due. In doing so, he attested that he considered the affidavit and documentary evidence provided to him by Plaintiff. Plaintiff now seeks confirmation of his findings and the issuance of a judgment of foreclosure and sale. Defendant did not file opposition.

### *Garnold M King's Motion to Intervene*

Garnold M King seeks leave to intervene in this action. He explains that he has lived at the West 126th Street address for fifty years and that his son neither resides with him now nor in 2015. He transferred his interest in the property to his now-deceased ex-wife (Elaine King) in 1992 and she later deeded the property to herself and Defendant as joint tenants with the right of survivorship. As such, Movant did not answer as he neither had an interest in the property nor was a named defendant. It was only after he learned that his son's motion to dismiss was denied that he realized that he needed to make clear to the Court that Garnold M King (himself) and Garnold Maurice King (Defendant) are not the same person. As such, he seeks to assert a jurisdictional defense – that the wrong person was served – and make clear that no recovery can be had from him.

In opposition, Plaintiff notes that it is undisputed that the correct party was named in this action. Movant is neither a borrower nor someone with an interest in the property. The

[* 3]

jurisdictional defense that he now seeks to assert is not his to raise – it was up to Defendant to timely and properly raise it. As such, Plaintiff argues that there is no basis for Movant to intervene.

## *Analysis*

"A motion for leave to reargue … shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "Motions for reargument are addressed to the sound discretion of the court that decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law" (*BNY Mellon v Mor*, 201 AD3d 691 [2d Dept 2022]). However, "[a] motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided or to present arguments different from those originally presented" (*Flanagan v Delaney*, 194 AD3d 694, 698 [2d Dept 2021]). Here, Defendant merely reiterates an amplified version of his prior argument – largely relying on materials submitted for the first time as part of his reply – but does not address the basis for the Court's prior decision. As such, reargument is denied.

Plaintiff's motion for judgment of foreclosure and sale is unopposed and the referee's report appears to be substantially supported by admissible evidence. As such, the requested relief is granted.

Finally, Garnold M King has no interest in the property and no relief is sought against him in this action. As such, intervention is unwarranted (see, *JPMorgan Chase Bank v Mule*, 230 AD3d 1234, 1236 [2d Dept 2024][intervention denied where movant failed to establish a "real and substantial interest" in the outcome of the action]).

## *Conclusion*

Accordingly, it is

**ORDERED** that Defendant's motion to reargue [MS 4] is denied; and it is further

**ORDERED** that Plaintiff's motion to confirm the referee's report and for judgment of foreclosure and sale [MS 5] is granted (see accompanying order); and it is further

[* 4]

**ORDERED** that Garnold M King's motion to intervene [MS 6] is denied.

This constitutes the decision and order of the Court.

July 21, 2025

ENTER:

_____

Hon. Cenceria P Edwards, J.S.C., CPA

[* 5]