Hillside Manor Rehabilitation & Extended Care Ctr., LLC v Maynard (2026 NY Slip Op 00496)

Hillside Manor Rehabilitation & Extended Care Ctr., LLC v Maynard

2026 NY Slip Op 00496

Decided on February 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-08430
 (Index No. 719328/22)

[*1]Hillside Manor Rehabilitation and Extended Care Center, LLC, respondent, 
vSharon Maynard, etc., appellant.

Valerie A. Hawkins, Hempstead, NY, for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), dated June 12, 2023. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate a judgment of the same court entered July 8, 2015, which, upon an order of the same court dated April 29, 2015, granting the plaintiff's unopposed motion for leave to enter a default judgment against the defendant, is in favor of the plaintiff and against the defendant in the principal sum of $27,192.08.
ORDERED that the order dated June 12, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff, a limited liability company engaged in the business of providing skilled nursing home care services, commenced this action against the defendant, the daughter of a deceased former resident of the plaintiff (hereinafter the decedent), individually and as distributee of the decedent's estate, to recover the balance for services the plaintiff provided to the decedent. The defendant failed to appear or answer the complaint. Thereafter, the plaintiff moved for leave to enter a default judgment against the defendant. In an order dated April 29, 2015, the Supreme Court granted the plaintiff's unopposed motion. On July 8, 2015, a judgment was entered in favor of the plaintiff and against the defendant in the principal sum of $27,192.08. In August 2022, the defendant moved, inter alia, pursuant to CPLR 5015(a) to vacate the judgment. In an order dated June 12, 2023, the court, among other things, denied that branch of the defendant's motion. The defendant appeals.
CPLR 5015(a)(4) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," upon the ground of "lack of jurisdiction to render the judgment or order." "Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308" (Globe Trade Capital, LLC v Hoey, 199 AD3d 769, 771; see Citimortgage, Inc. v Cardali, 230 AD3d 467, 468). "A process server's affidavit of service constitutes prima facie evidence of proper service" (Taron Partners, LLC v McCormick, 173 AD3d 927, 928; see Citimortgage, Inc. v Cardali, 230 AD3d at 468). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by a process server's affidavit and necessitates an evidentiary hearing, no hearing is required where the defendant fails to swear to specific facts to rebut the statements in the process [*2]server's affidavits" (Taron Partners, LLC v McCormick, 173 AD3d at 928 [internal quotation marks omitted]). "Minor discrepancies between the appearance of the person allegedly served and the description of the person served in the affidavit of service are generally insufficient to raise an issue of fact warranting a hearing" (Deutsche Bank Natl. Trust Co. v Yurowitz, 181 AD3d 646, 648; see Citimortgage, Inc. v Cardali, 230 AD3d at 468).
Here, the Supreme Court properly denied vacatur of the judgment pursuant to CPLR 5015(a)(4). An affidavit of the plaintiff's process server constituted prima facie evidence of proper service upon the defendant pursuant to CPLR 308 (see Flanagan v Delaney, 194 AD3d 694, 696-697). The alleged discrepancies between the defendant's physical appearance at the time of service and the description of the person served contained in the process server's affidavit were either too minor or insufficiently substantiated to warrant a hearing (see TD Bank, N.A. v Turbo Group, Inc., 226 AD3d 1058, 1059; HSBC Bank USA, N.A. v Rahmanan, 194 AD3d 792, 794), and the defendant failed to swear to specific facts to rebut the statements in the process server's affidavit (see Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723).
Furthermore, the defendant failed to provide any evidence of fraud, mistake, inadvertence, surprise, or excusable neglect that would warrant vacatur of the judgment in the interests of substantial justice (see Legal Servicing, LLC v Gomez, 229 AD3d 785, 787; CitiMortgage, Inc. v Maldonado, 171 AD3d 1007, 1008-1009).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the judgment.
DILLON, J.P., CHAMBERS, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court