Matter of American Tr. Ins. Co. v Bay Ridge Surgi-Ctr., LLC

2026 NY Slip Op 02644

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of American Transit Insurance Company, respondent,

v

Bay Ridge Surgi-Center, LLC, etc., appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-03976, (Index No. 527991/22)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Roman Kravchenko, Melville, NY, for appellant.

Short & Billy, P.C., New York, NY (Seok Ho [Richard] Kang of counsel), for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated June 28, 2022, Bay Ridge Surgi-Center, LLC, appeals from a judgment of the Supreme Court, Kings County (Ingrid Joseph, J.), dated April 26, 2024. The judgment, insofar as appealed from, upon so much of an order of the same court dated November 21, 2023, as failed to award Bay Ridge Surgi-Center, LLC, additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), and upon so much of an order of the same court dated April 17, 2024, as denied that branch of the motion of Bay Ridge Surgi-Center, LLC, which was pursuant to CPLR 5015(a)(1) to vacate so much of the order dated November 21, 2023, issued upon the default of Bay Ridge Surgi-Center, LLC, in appearing for oral argument, as failed to award Bay Ridge Surgi-Center, LLC, additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) and, in effect, upon reargument, adhered to so much of the prior determination in the order dated November 21, 2023, as failed to award Bay Ridge Surgi-Center, LLC, additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), did not award Bay Ridge Surgi-Center, LLC, additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4).

ORDERED that the judgment is affirmed insofar as appealed from, with costs.

In September 2022, American Transit Insurance Company (hereinafter the petitioner) commenced this proceeding pursuant to CPLR article 75 to vacate a master arbitration award dated June 28, 2022, confirming an arbitration award entered in favor of Bay Ridge Surgi-Center, LLC (hereinafter Bay Ridge). Bay Ridge opposed the petition.

In an order dated November 21, 2023 (hereinafter the November 2023 order), the Supreme Court, upon Bay Ridge's failure to appear for oral argument, inter alia, denied the petition on the merits and confirmed the master arbitration award. In addition, as relevant to this appeal, the November 2023 order failed to award Bay Ridge additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4).

In December 2023, Bay Ridge moved, among other things, pursuant to CPLR 5015(a)(1) to vacate so much of the November 2023 order, issued upon Bay Ridge's default in appearing for oral argument, as failed to award Bay Ridge additional attorneys' fees pursuant to 11 [*2]NYCRR 65-4.10(j)(4) and for "leave to reargue the branch of the [November 2023 order] denying [Bay Ridge] its attorney fee, . . . and, upon reargument, vacating the order and granting [Bay Ridge] its attorney fee, pursuant to 11 NYCRR 65-4.10(j)(4)." In an order dated April 17, 2024, the Supreme Court, inter alia, denied that branch of Bay Ridge's motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the November 2023 order, issued upon Bay Ridge's default in appearing for oral argument, as failed to award Bay Ridge additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) and, in effect, upon reargument, adhered to so much of the prior determination in the November 2023 order as failed to award Bay Ridge additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4). The court noted that while Bay Ridge failed to appear at oral argument on the petition, the November 2023 order determined the petition on the merits in Bay Ridge's favor. The court further noted that the November 2023 order had not addressed the issue of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) because Bay Ridge had not requested such relief and that to the extent that Bay Ridge was seeking such relief in the first instance, Bay Ridge had failed to include an affirmation of attorneys' fees in support of its application. Thereafter, in a judgment dated April 26, 2024, the court, among other things, did not award Bay Ridge additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4). Bay Ridge appeals.

The Supreme Court properly denied that branch of Bay Ridge's motion which was pursuant to CPLR 5015(a)(1) to vacate so much of the November 2023 order, issued upon Bay Ridge's default in appearing for oral argument, as failed to award Bay Ridge additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4), as Bay Ridge opposed the petition and the court determined the petition on the merits and not upon default (see CPLR 5015[a][1]; Cole-Hatchard v Eggers, 132 AD3d 718, 719).

Further, Bay Ridge's contention that it was entitled to an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) was raised for the first time in connection with that branch of its motion which was for reargument. A motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to reargue issues previously decided or to present arguments different from those originally presented (see FPG CH 94 Amity, LLC v Pizzarotti, LLC, 218 AD3d 651, 653; Flanagan v Delaney, 194 AD3d 694, 698). In any event, on the merits, the Supreme Court did not err in declining to award Bay Ridge additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4). That regulation provides, in pertinent part, that "[t]he attorney's fee for services rendered in connection with . . . a court appeal from a master arbitration award and any further appeals, shall be fixed by the court adjudicating the matter" (id.). The court's determination of an award of attorneys' fees "must be based upon a demonstration of the hours reasonably expended on the litigation and what is reasonable compensation for the attorney based upon the prevailing rate for similar work in the community" (RMP Capital Corp. v Victory Jet, LLC, 139 AD3d 836, 839-840). "The attorney bears the burden of establishing the reasonable value of the services rendered through contemporaneous time records specifying the date, hours expended, and nature of the work performed" (Hershfield v Davidoff, 233 AD3d 923, 924 [internal quotation marks omitted]). Here, where the petitioner neither made a timely application for an award of additional attorneys' fees pursuant to 11 NYCRR 65-4.10(j)(4) prior to the determination of the petition nor submitted any documentation of the additional attorneys' fees incurred, the court properly declined to award such fees (see Country-Wide Ins. Co. v Bay Needle Care Acupuncture, P.C., 220 AD3d 461).

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court